CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JOSEAN HARRY HERNANDEZ-CUEVAS,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 7:25CV00378<br>) |
| **WESTERN VIRGINIA REGIONAL JAIL ADMINISTRATION,** | )<br>)<br>) |
| Defendant. | )<br>)<br>) |
| **JOSEAN HARRY HERNANDEZ-CUEVAS,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 7:25CV00379<br>) |
| **WESTERN VIRGINIA REGIONAL JAIL KITCHEN,** | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## OPINION

*Josean Harry Hernandez-Cuevas, Pro Se Plaintiff.*

The plaintiff, an unrepresented Virginia inmate, filed these two civil rights actions pursuant to 42 U.S.C. § 1983, complaining about meals he was served while

confined at the Western Virginia Regional Jail (WVRJ).[1]  After review of the Complaints, I will summarily dismiss them.

In both civil actions, the plaintiff's allegations are vague and undated. In No. 7:25CV00378, suing the WVRJ administration, he states:

> I have repeatedly complain about the meal I asked for because of my special diet – cannot tolerate beans. Beans are part of <u>almost</u> every meal here – the regular ones. What I receive is grits with toco shells every time. This is a physical abuse for a year. I make no excuse but the beans are a mainstay here. This is a physical abuse on my body systems.

Compl. 2, ECF No. 1 (minor corrections to spelling and punctuation). In No. 7:25CV00379, suing the WVRJ kitchen, the plaintiff makes slightly different claims. He states:

> Kitchen – same special tray/meal over and over. Grits, apple sauce, tortilla shells, for breakfast for last 9 months. I am Muslem [sic]. For lunch and dinner, I only get 4 tortilla shells, apple sauce and 1 kind of meat-filling. Beans are the mainstay in jail, at least Western Virginia. My body systems do NOT respond to beans and I have reactions. This is abuse I complain of every meal.

---

[1] The plaintiff filed these lawsuits in the United States District Court for the Eastern District of Virginia, which transferred the cases here because WVRJ is located within this judicial district.

Compl. 2, ECF No. 1 (minor corrections to spelling and punctuation). As relief in both lawsuits, the plaintiff seeks monetary damages, release, and unspecified changes to the food at WVRJ.[2]

Under 28 U.S.C. § 1915A(b)(1), the court may summarily dismiss "a complaint in a civil action in which a prisoner seeks redress from . . . [an] officer or employee of a governmental entity" where the court finds that "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

In No. 7:25CV00378, the plaintiff names as a defendant only the WVRJ administration, and in No. 7:25CV00379, he names as a defendant only the WVRJ kitchen. Neither a local jail facility nor its kitchen nor any other physical part of the building can qualify as a person subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a

---

[2] The plaintiff's claims seeking changes to the meals at WVRJ are moot, since he is no longer confined there. *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there."). The plaintiff also cannot use a § 1983 civil action to obtain release from confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A detainee may raise challenges to the fact or duration of his detention only by filing a petition for a writ of habeas corpus, following exhaustion of available state court remedies. *Id.*

person under § 1983" and thus "lacks the capacity to be sued as a jail."). Thus, the plaintiff has no actionable claim against WVRJ itself or its kitchen. He also has no viable claim against the jail's administration or its kitchen staff as groups of individuals. Such groups also cannot qualify as individual persons subject to suit under § 1983. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, citation, and alteration omitted). The plaintiff fails to identify any individual(s) as defendant(s) or to describe actions that each individual took to violate his constitutional rights.

Perhaps the plaintiff intends to bring his claims against the jail authority that operates WVRJ facilities. Such a claim also fails, however, on the facts he has alleged. Regional jail authorities and other "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). The plaintiff must show that a policy promulgated by the jail authority was "the moving force" behind the deprivation of which he complains. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (internal quotation marks and citation omitted). That is, the

entity's official policy or custom must have played a part in the alleged violation of federal law. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). The plaintiff here has not alleged facts showing that any jail authority policy caused the alleged issues of which he complains. Therefore, even if he could show that the meals provided to him at WVRJ have somehow violated his constitutional rights as required to present a viable § 1983 claim against anyone, he has not stated any such claim against the jail authority.

Because the plaintiff's § 1983 claims cannot proceed against the defendants he has named or against the jail authority, I will summarily dismiss the actions without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Such a dismissal leaves the plaintiff free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this Opinion.[3]

An appropriate Order will enter this day.

DATED: October 6, 2025

/s/ JAMES P. JONES
Senior United States District Judge

---

[3] My recognition of the plaintiff's opportunity to resubmit his claims in a new and separate civil action should not be taken as a finding that his allegations, if particularized, might state any proper § 1983 claim. I note that in the cases before me he has not alleged taking appropriate steps to inform the medical staff at WVRJ about his alleged need for a different diet or stated facts showing that the diet he received caused him serious physical harm.